IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| GREER G. ZUMMO, | ) | |
| | ) | Case No. 1:12-cv-01099 |
| Plaintiff, | ) | |
| | ) | Judge Holderman |
| v. | ) | |
| | ) | Magistrate Judge Gilbert |
| TRANS UNION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" relating to services (a) provided to any person using any indicative or identifying information associated with Plaintiff Greer G. Zummo or (b) paid for with a CareCredit account ending in 8769 and obtained from Hilliard I. Blank D.D.S. and Associates (including, but not limited to, services leading to a $238.00 charge on June 11, 2008, and a $133.40 charge on August 25, 2008) or Nu U Medspa in Lincoln Park (including, but not limited to, services leading to a $4,800.00 charge on July 14, 2007, a $1,200.00 charge on July 31, 2007, and a $2,109.00 charge on October 17, 2007), or any other providers of medical services relating to the charges incurred at Hilliard I. Blank D.D.S. and Associates and Nu U Medspa in Lincoln Park ((a) and (b) are

collectively the "Services"), to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information relating to the Services to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information relating to the Services for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing protected health information relating to the Services to persons involved in this litigation, counsel shall inform each such person that such

protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information relating to the Services do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return protected health information relating to the Services to the covered entity or destroy any and all copies of protected health information relating to the Services, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information relating to the Services that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal

if and when the parties seek to file protected health information relating to the Services under seal.

E N T E R:

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 27, 2012
EAST\48800148.2

4